## 29302. BOZEMAN v. WILCOX.

DECIDED MARCH 12, 1942.

*George P. Wright,* for plaintiff in error. *Henry B. Sutton,* contra.

STEPHENS, P. J. Wilcox sued Bozeman on an open account for an alleged balance due of $129.90. The account attached to the petition showed various items alleged to have been advanced by the plaintiff to the defendant, and the alleged amounts due the plaintiff therefor by the defendant. Certain designated payments by the defendant were allowed as credits, which when set off against the entire alleged indebtedness left an alleged balance due by the defendant to the plaintiff of $129.90.

It appeared from the evidence that the defendant worked for the plaintiff, the landlord, as a share cropper, under a contract by which the defendant was to receive a portion of the crops; that the plaintiff without making any statement to the defendant sold the entire crops and made no accounting to the defendant. In the account sued for the defendant is given credits in various amounts for his alleged portion of certain designated cotton, peanuts, hay, and cotton seed. There is only one item left upon the account as appears attached to the petition for which the defendant is indebted to the plaintiff, which is in the sum of $129.90, an alleged balance due the plaintiff by the defendant for corn. The plaintiff testified as to the correctness of the account. This evidence by itself was sufficient to authorize the jury to find for the plaintiff in the balance claimed of $129.90. The defendant, however, testified that he made on the place over five bales of cotton, four tons of peanuts, and cultivated over twenty acres of corn; that he did not know how many bushels of corn there were for the reason that the plaintiff had gathered the corn and hauled it to his barn; that he did not owe the plaintiff anything for corn or hay, but that when the defendant moved on to the plaintiff's place he carried two and one-half two-horse wagonloads of corn with him and over one hundred bales of hay, and that he still had some corn left over that he carried with him when he moved on to Mr. Wilcox's place. None of

this evidence was sufficient to establish conclusively and as a matter of law the incorrectness of the account sued on as to the alleged balance claimed of $129.90 which the plaintiff testified was correct.

There appeared, however, from the uncontradicted evidence, in the testimony of the plaintiff himself, that two items, one of $25 and one of $1.50, which the plaintiff claimed to have advanced for the defendant's benefit, one being an obligation which the defendant owed to another person for a mule, and the other being a doctor's bill owed by the defendant, had never been paid by the plaintiff. Giving the defendant credit for these charges against him, which amount to $26.50, the evidence was insufficient to authorize a verdict for the plaintiff in a sum in excess of $103.40. The jury, however, found for the plaintiff only in the sum of $50. The defendant can not complain that the verdict was without evidence to support it, and the evidence was sufficient to authorize a finding against him in a greater amount than that found by the jury. The verdict of $50 was not unauthorized by the evidence, and the court did not err in overruling the motion for new trial which was based solely on the general grounds.

*Judgment affirmed. Sutton and Felton, JJ., concur.*